FILED

MAR 0 1 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

In re Matter of Subpoena Improperly     §
Served on Improperly Named Entity       §
The Healing Arts Partnership            §     Civil Action No. A19MC0195LY
                                        §
                                        §
                                        §

**NON-PARTY, IMPROPERLY NAMED THE HEALING ARTS PARTNERSHIP'S
MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF A PREMISES
IN A CIVIL ACTION AND MOTION FOR SANCTIONS**

Under Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), Non-Party, improperly named entity The Healing Arts Partnership[1] ("Healing Arts"), through its former principal Dr. Martin P. Ross, files this Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action ("Subpoena") requested by Anthem, Inc. ("Anthem") dated January 31, 2019 in *Torrey, et al. v. Infectious Disease Society of America, et al.*, Civil Action No. 5:17-cv-00190-RWS, United States District Court, Eastern District of Texas ("Lawsuit") and Motion for Sanctions. Because Anthem did not properly serve Non-Party Healing Arts under the federal rules, because Healing Arts is not an operational medical practice, and for the other reasons set forth in this Motion, the Subpoena is invalid and should be quashed. Additionally, this Court should award Healing Arts' former principal, Dr. Martin P. Ross, attorney's fees and costs incurred in filing this Motion.

---

[1] The Subpoena was directed to Healing Arts Partnership, but the correct name of Dr. Ross's former, but now closed, medical practice is The Healing Arts Partnership.

## BACKGROUND

Healing Arts, a former Seattle, Washington state medical practice that is no longer in business, is not a party to the Lawsuit.[2] Because Healing Arts is no longer operational, it does not have an address or personnel in Seattle. Healing Arts' former principal, Dr. Martin P. Ross, relocated to Austin, Texas from Seattle approximately four months ago. On February 19, 2019, Dr. Ross received the attached Subpoena directed to Healing Arts in his Austin home mail box. *See* Exhibit A. Though the Subpoena is dated January 31, 2019, the envelope containing the Subpoena is postmarked February 15, 2019. *See* Exhibit B. Dr. Ross was not hand delivered the Subpoena by any person, as required by FRCP 45, nor was he even required to sign for delivery of the Subpoena. Exhibit C. The improperly-served Subpoena requires Healing Arts' production of far-reaching and invasive documents in Seattle, Washington or Prussia, Pennsylvania by February 21, 2019—a mere two days after Dr. Ross received the Subpoena in the mail.

## ARGUMENT

Discovery from a non-party is governed by FRCP 45. FRCP 45 requires strict compliance with its technical requirements, including proper service on a non-party and allowing a non-party reasonable time to comply. This Court may quash a subpoena on a non-party that is not in compliance with the rule. FRCP 45(d)(3).[3] Because the Subpoena was not properly served on Healing Arts and, alternatively, for the additional reasons set forth below,

---

[2] The Lawsuit was brought by various individuals suffering from Lyme disease against the Infectious Diseases Society of America ("IDSA") and various insurance companies, including Anthem, alleging RICO and antitrust violations in relation to certain guidelines adopted by IDSA regarding the treatment of Lyme disease and activities by insurance companies in relation to those guidelines. Lawsuit, Dkt. 1.

[3] Healing Arts files this Motion in this Court rather than the Eastern District because Healing Arts' former principal, Dr. Ross, who received the Subpoena in the mail, resides within the Western District of Texas, not the Eastern District of Texas.

this Court should quash the Subpoena.[4] Additionally, the Court should sanction Anthem by requiring it to pay Healing Arts' former principal, Dr. Martin P. Ross, his attorney's fees and costs incurred in filing this Motion.

**A.      Healing Arts was not properly served and is a closed medical practice.**

FRCP 45 only authorizes service of a subpoena on a non-party by "delivering a copy to the name person...." FRCP 45(b)(1). Federal courts within the Fifth Circuit have interpreted this requirement as only authorizing service of a subpoena on a non-party by ***personal delivery*** of a copy of the subpoena. *See, e.g., Ferrara v. 4JLJ, LLC*, No. 2:15-CV-182, 2016 WL 4800891, at *1-2 (S.D. Tex. Sept. 14, 2016) ("District courts have declined to find service of a subpoena sufficient unless personally delivered to a non-party witness."); *Bonnecaze v. Ezra & Sons, LLC*, No. 14-1774, 2016 WL 1268339, at *3-4 ("the Fifth Circuit has interpreted Rule 45's requirement of service to be personal, therefore service by email or certified mail is invalid").

Anthem solely mailed the Subpoena to Healing Arts' former principal's Austin home address by certified mail (and not even certified mail, return receipt requested). Anthem did not personally serve Healing Arts or its former principal as required by FRCP 45. Anthem has not filed any proof of service in the Lawsuit—likely because Healing Arts has not been properly served. *See* FRCP 45(b)(4). Additionally, Healing Arts is no longer operational—the Healing Arts medical practice no longer exists and cannot be subpoenaed. Exhibit C. Dr. Ross, as

---

[4] FRCP 45 requires a motion to quash to be timely filed, but does not define "timely." Dr. Ross has never been properly served and only improperly received the motion in the mail on February 19, 2019—two days before the date of compliance stated in the Subpoena. Exhibit C. On February 21—two days after receiving the Subpoena and before obtaining legal counsel— Dr. Ross sent Anthem's counsel a letter informing her that he had received the Subpoena on January 19, 2019 and objected to it. Exhibit D. The month stated in the letter was incorrect. Exhibit C. This was a typographical error. *Id.* Indeed, the Subpoena was issued January 31, 2019. This Motion is timely.

Healing Arts' former principal, holds Healing Arts' records. Under FRCP 45, the Subpoena must be quashed.

**B.    The Subpoena commands production more than 100 miles from Dr. Ross's residence.**

FRCP 45 also only authorizes a subpoena to command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person…." FRCP 45(c)(2). Thus, the Subpoena is also invalid because it commands Healing Arts to produce documents in either Seattle, Washington or Prussia, Pennsylvania, both of which are more than 100 miles from Dr. Ross's residence. As explained, Healing Arts is no longer operational. Healing Arts' former principal, Dr. Ross, resides in Austin, Texas. Under the rules, Dr. Ross is not required to produce documents to a place more than 100 miles from his residence. FRCP 45(d)(3)(A)(ii).

**C.    The Subpoena does not allow a reasonable time for compliance.**

FRCP 45(d) further requires the Court to quash a subpoena that does not allow reasonable time for compliance. As explained, Dr. Ross did not even receive the Subpoena in his mailbox until February 19, 2019—two days before the date indicated for response in the Subpoena. On its face, two days is not a reasonable time for Dr. Ross to object or attempt to respond to the onerous production requested in the Subpoena.

**D.    The Subpoena imposes undue burden, is overbroad, and generally seeks undiscoverable evidence from Healing Arts, a non-party.**

Finally, even if service were somehow proper or Healing Arts subject to subpoena, the Subpoena is also overbroad, invasive, imposes undue burden, seeks privileged and confidential information, and seeks irrelevant evidence. Courts give "special weight to the burden on non-parties of producing documents to parties involved in litigation" and "[a] non-party is

additionally entitled to consideration regarding expense and inconvenience." *In re Matter of Subpoenas Served on Collins*, A-14-CV-934-LY, 2014 WL 12586370, at *2 (W.D. Tex. Nov. 7, 2014). In determining the undue burden of a subpoena, a court considers (1) the relevance of discovery materials sought; (2) the issue party's need for the discovery; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the discovery materials are described; and (6) the burden imposed. *Id.* By way of example only, and without waiving any additional objections Healing Arts or its former principal may have if properly served with a similar subpoena in the future:

- None of the production requests contain any temporal limitation. Thus, on their face, each of the requests is overbroad and unduly burdensome. *See, e.g., Parrish v. Premier Directional Drilling, L.P.*, No. SA-16-CA-00417-DAE, 2017 WL 5139260, at *3 (W.D. Tex. May 8, 2017) (quashing overbroad FRCP 45 subpoena that requested information that was overbroad in time and scope); *In re Matter of Subpoenas Served on Collins*, A-14-CV-934-LY, 2014 WL 12586370 (W.D. Tex. Nov. 7, 2014) (court may look at time period covered in determining burden imposed by production request).

- Request for Production No. 2 is particularly egregious. It is unclear how any "disciplinary actions taken by, investigations undertaken by, or complaints made to a state medical board or similar authority" concerning Healing Arts has any possible relevance to the litigation when Healing Arts is not a party to the litigation or even mentioned in the Complaint. *See Emesowum v. Zeldes*, No. SA-15-CV-831-XR, 2016 WL 3579232 (June 27, 2016) (subpoena requesting all disciplinary records from particular persons was irrelevant to litigation); *see also*

Fed. R. Civ. P. 26. Additionally, the request inherently would seek privileged and confidential medical records, not subject to disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and privileged communications Healing Arts or its principal may have had with counsel in any disciplinary proceeding. The request is also overbroad, unduly burdensome, and invades Healing Arts' constitutional right to privacy. For example, under its terms, it would request documents pertaining to even open or closed investigations or complaints for which there were no disciplinary action and without limitation as to scope or time.

- Request for Production No. 4 requests all of Healing Arts' financial information related to treating Lyme disease patients, once more without any limitation in time or as to scope, and thus is overbroad, unduly burdensome, and invades Healing Arts' constitutional right to privacy. Additionally, Healing Arts' private, confidential financial information cannot possibly have any relevance to the claims at issue in this case. FRCP 26.

- In general, none of the requests seek relevant, discoverable information. Healing Arts is no longer an operational medical practice. Healing Arts is not a party to this suit, nor identified in the complaint. Healing Arts and its former principal have not been designated as expert witnesses, nor called as witnesses in any other capacity. The requested information, including the prescriptions Healing Arts' provider may have written, the scientific evidence Healing Arts' purportedly "base[d] [its] medical opinions and conclusions regarding chronic Lyme disease" on, Healing Arts' professional group memberships, and other

personal information regarding Healing Arts, cannot possibly have any relevance to the RICO and antitrust claims alleged in this suit to which Healing Arts is not a party. FRCP 26.

Additionally, the time for production has expired under the court's docket control order in the Lawsuit. Lawsuit, Dkt. 82. Healing Arts, as a non-party, should also not be required to produce documents at this juncture. *Alper v. U.S.*, 190 F.R.D. 281, 283-84 (D. Mass. 2000); *Marvin Lumber & Cedar Co. v. PPG Indus.*, 177 F.R.D. 443, 443 (D. Minn. 1997).

### E.    Request for Sanctions

FRCP 45 requires "[a] party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

As explained above, Healing Arts is a closed medical practice and it was not properly served. The Subpoena contains other defects as well, such as requiring compliance more than 100 miles from Dr. Ross's residence and being grossly invasive, overbroad, and unduly burdensome and seeking irrelevant information. Dr. Ross emailed and mailed a letter to Anthem's counsel objecting to the Subpoena and Anthem's counsel did not respond. Exhibit D. After Dr. Ross obtained counsel, Dr. Ross's counsel attempted to reach Anthem's counsel by phone once and by email twice and did not receive any response. Exhibit E. Healing Arts, through its former principal Dr. Ross, should be awarded attorney's fees incurred in being forced to file this Motion. Healing Arts will supplement this Motion with additional information

and evidence of reasonable attorney's fees and costs incurred in preparing this Motion and, should Anthem file a response, any reply.

## PRAYER

This Court should grant Healing Arts' Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action and Motion for Sanctions and grant any other relief to which Healing Arts may be entitled.

Respectfully submitted,

By: _____

Shelby O'Brien (SBN 24037203)
sobrien@enochkever.com
Mike Truesdale (SBN 00791825)
mtruesdale@enochkever.com
Amy Saberian (SBN 24041842)
asaberian@enochkever.com
**ENOCH KEVER PLLC**
5918 W. Courtyard Drive, Suite 500
Austin, Texas 78730
512.615.1200 / 512.615.1198 (fax)

**ATTORNEYS FOR NON-PARTY AND IMPROPERLY NAMED THE HEALING ARTS PARTNERSHIP, THROUGH ITS FORMER PRINCIPAL DR. MARTIN P. ROSS**

## CERTIFICATE OF CONFERENCE

I certify that on February 26, 2019, I attempted to confer with Anthem, Inc.'s counsel by phone and by email regarding the subject of this Motion. Anthem, Inc.'s counsel did not respond to my phone message or email. I also did not receive a response when attempting to confer by email again on February 28, 2019.

_____
Shelby O'Brien

## CERTIFICATE OF SERVICE

I certify that, March 1, 2019, a true copy of this document was served via U.S. First Class Mail on the following counsel of record, pursuant to the Federal Rules of Civil Procedure.

Eileen Regina Ridley
**Foley & Lardner – San Francisco**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
E-mail: eridley@foley.com.
*Attorney for Anthem, Inc.*

Shelby O'Brien

The Healing Arts Partnership's Motion to Quash Subpoena                    9